UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: GLENN RICHARD UNDERWOOD

     Debtor.
_____/

GLENN RICHARD UNDERWOOD,

     Appellant,

v.

PATRICIA SELENT, ET AL.,

     APPELLEES.
_____/

Civil Case No. 15-12563
Honorable Linda V. Parker

Bankr. Case No. 06-55754
Adv. Pro. No. 14-4966

## OPINION AND ORDER DENYING DEBTOR'S MOTIONS FOR STAY
### [ECF Nos. 8, 10]

This matter is before the Court as an appeal of decisions of the United States Bankruptcy Court for the Eastern District of Michigan, Judge Thomas J. Tucker presiding. Debtor Glenn Richard Underwood ("Debtor") has filed motions asking this Court to stay the bankruptcy court proceedings until this appeal is adjudicated. (ECF Nos. 8, 10.)

To the extent this Court has the power to stay the bankruptcy court proceedings, it must consider the following factors to determine whether a stay is appropriate:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Id*. at 153. Nevertheless, the movant is "required to show, at a minimum, serious questions going to the merits." *Id*. at 154. The movant also "must address each factor, regardless of its relative strength, providing specific facts and affidavits supporting assertions that these factors exist." *Id*. at 154.

Debtor first asked the bankruptcy court to issue a stay. The bankruptcy court denied the request. Order, *In re Underwood*, Case No. 06-55754, (Bankr. E.D. Mich. July 23, 2015), ECF No. 196. The bankruptcy court found that none of the relevant factors favored a stay. *Id*. "Most important," the court wrote, "[Debtor's] likelihood of prevailing on appeal is extremely low-- a virtually zero likelihood." (*Id*.) This Court does not have the benefit of the bankruptcy court's familiarity with the facts and legal arguments at issue, but it appears from this Court's review of the matter that the bankruptcy court's assessment of Debtor's appeal is accurate.

In the bankruptcy court, Debtor claimed his constitutional rights were violated during litigation in the Circuit Court for Oakland County, Michigan, which resulted in a judgment against him and in favor of certain individuals (i.e., the defendants in the adversary proceedings, but for Gene Kohut). Based on the doctrine of res judicata, the bankruptcy court found those individuals to be creditors of the bankruptcy estate with a claim equal to the amount of the state court judgment. Debtor repeats his claims of constitutional violations in support of his bankruptcy appeal.

Debtor, however, fully exhausted his rights to appeal the decision of the Oakland County Circuit Court. *See Carto v. Underwood Property Mgmt. Co.*, No. 272747, 2008 WL 2389493 (Mich. Ct. App. June 12, 2008) (unpublished); *see also Underwood v. Carto*, No. 315949, 2014 WL 4263229, at *1 n.3 (Mich. Ct. App. Aug. 28, 2014) (listing Debtor's additional appeals of trial court's decision). Moreover, Debtor filed two additional suits in state court attempting to challenge the decision in the initial state court litigation. *See Underwood*, 2014 WL 4263229, at *1-3 (describing additional lawsuits and the result of those cases). The state trial courts ruled against Debtor in those cases, and those decisions were affirmed on appeal. Thus, including the bankruptcy court, this is Debtor's fourth attempt to challenge the state court judgment against him.

The present appeal also involves the bankruptcy court's order with respect to certain partnership property the Oakland County Circuit Court ordered sold in its judgment. On July 9, 2015, pursuant to the confirmed Plan in Debtor's Chapter 11 case, as modified, the bankruptcy court indicated that Kohut, the liquidating agent, may sell the properties as provided in an October 14, 2008 order. Order, *Underwood v. Selent*, No. 14-04966 (Bankr. E.D. Mich. July 9, 2015), ECF No. 185 ¶ 9. In his pending motions seeking a stay, Debtor fails to articulate any coherent argument as to why he is likely to succeed in challenging that order.

In short, Debtor fails to show serious questions going to the merits of his appeal. This Court therefore does not find a stay of the bankruptcy proceedings warranted.

Accordingly,

**IT IS ORDERED** that Debtor's motions for a stay (ECF Nos., 8, 10) are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 30, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager